UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

MARGARET SMITH
    Plaintiff

-vs-                                          Case No. 2:16-CV-10325
                                                  Hon. Nancy G. Edmunds
                                                  Magistrate Judge: Elizabeth A. Stafford

RELIANT GROUP DEBT MANAGEMENT SOLUTIONS, *et al.,*
    Defendants

## ORDER GRANTING PLAINTIFF'S MOTION TO REISSUE SUMMONSES OF RELIANT GROUP DEBT MANAGEMENT SOLUTIONS AND TORI LONDON AND FOR ALTERNATE SERVICE OF RELIANT GROUP DEBT MANAGEMENT SOLUTIONS ON JUQUETTA DUGGANS

Before the Court is Plaintiff's motion seeking the reissuance of the sommonses for Defendants Reliant Group Debt Management Solutions ("RG") and Tori London, for alternate service of RG via Juquetta Duggans. The court finds that a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant the motion.

Plaintiff filed the above-captioned matter on February 1, 2016 (R.1), and, on April 28, 2016, Plaintiff motioned the court to extend time to serve the defendants by 90 days, to open discovery for purposes of acquiring identification and location information of defendants, and to serve RG via alternate means by serving Frederick Ross (registrant of the RG website). (R.4.) The Court granted in part a 90 day extension, open discovery, and denied alternate service. (Text-Only Order May 4, 2016). On June 30, 2016, Plaintiff motioned the court a second time to extend time for service of defendants by 90 days and to grant alternate service of RG through Frederick Ross. (R.5.) The court granted a 90 day extension and alternate service. (Text-Only Order July 7, 2016). Plaintiff attempted service both in New York and in Georgia, but efforts were unsuccessful.

Plaintiff conducted extensive discovery to identify and locate defendants, issuing FOIAs and subpoenas to several Post Offices, multiple Telecom companies, website domain companies and Financial Institutions. RG uses the following address: PO Box 259 Norcross GA. Plaintiff now believes she holds information about defendants reasonably calculated to lead to service. She seeks an order reissuing the summonses to serve Defendants.

Federal Rule Civil Procedure 4 requires service within 90 days after a complaint is filed. Under Rule 4(m),

> If service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to the defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). It is the plaintiff's burden to establish good cause for failing to timely effect service. *See Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1996). Service of a complaint filed in a federal court is proper by any method permitted for serving a complaint by the state in which the federal court is located. Fed.R.Civ.P.4(e)(1). The Michigan Court Rules permit alternate service where process cannot reasonably be made as provided by the rules and by any means reasonably calculated to give the defendants actual notice of the proceedings and an opportunity to be heard. M.C.R.2.105(I)(1). RG Financial conducts business through PO Box 259, Norcross GA. That PO Box was opened for the benefit of RG and by Juquetta Duggans. On September 9, 2016 Plaintiff served Ms. Duggans with a subpoena and deposition notice. She contacted Plaintiffs counsel and verified her phone number, home address, and email address. From then on, Ms. Duggans was aware of the lawsuit. Further, at Ms. Duggans request, Plaintiff tendered a copy of the complaint. Ms. Duggans is aware of the lawsuit, and RG is constructively aware. Accordingly, Plaintiff seeks leave to serve RG by alternate means by serving Juquetta Duggans.

Plaintiff has established good cause to reissue the summonses for RG and Tori London. Defendants will not suffer prejudice from reissuing the summonses. Per her request, Plaintiff emailed Ms. Duggans a copy of the complaint in September 2016. And she obliged when Ms. Duggans asked Plaintiff to adjourn the deposition while she secured legal counsel. To this date, an attorney has not appeared on behalf of Ms. Duggans or RG. But through Ms. Duggans, RG has been constructively aware of the lawsuit and the nature of the allegations. Plaintiff reasonably believes she has secured information enough to serve RG and Tori London. After weighing these considerations, the court concludes that Plaintiff's motion should be granted. Accordingly,

IT IS ORDERED that "Plaintiff's Motion to Reissue the Summonses..." [Dkt.11] is GRANTED. A second summons may be issued for RG and Tori London, and the summons shall expire 90 days after the issuance of this order.

**SO ORDERED.**

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Entered at Detroit, Michigan on March 7, 2017.