UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARGARET SMITH

              Plaintiff,              Civil Action No. 16-10325
                                          Honorable Nancy G. Edmunds
v.                                Magistrate Judge Elizabeth A. Stafford

RELIANT GROUP DEBT
MANAGEMENT SOLUTIONS,
*et al*.

              Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION TO AWARD ATTORNEY FEES [ECF NO. 70]**

## I.    Introduction

Plaintiff Margaret Smith, the prevailing party on her motion for default judgment [ECF No. 69], brings this motion for attorney fees, requesting the recovery of $32,270 in attorney fees and $5,314.07 in costs pursuant to Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692k.  [ECF No. 70].  Defendants have not opposed or otherwise responded to Smith's motion, which was referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B).  [ECF No. 71].  For the reasons stated below, the Court recommends that Smith's motion be **GRANTED**.

## II.    Background

After more than two years of litigation, Smith identified, located and served her second amended complaint on the defendants.  Defendants did not appear or otherwise respond to the complaint and, after a hearing on Smith's motion for default judgment (which defendants did not attend), she was awarded $42,000 for statutory and actual damages under FDCPA, and other federal and state statutes. [ECF No. 68, 69]. Smith filed this motion, asserting the significant attorney fees and costs she seeks were incurred in the arduous process of identifying, locating and serving defendants who hid behind a series of false identities and P.O. Boxes.  [ECF No. 70]. The difficulty identifying and locating defendants made service time-consuming and expensive, requiring investigative services, multiple motions for alternate service, amendments to the complaint, and extensions of summons. [*Id.*]

In support of her motion, Smith submitted billing sheets identifying time entries by various attorneys and legal assistants for this matter.  [ECF No. 70-4, 70-11, 70-12].  The submitted billing sheets reflect a total of 169.2[1] hours billed for a total fee of $32,270. Smith also submitted a spread

---

[1] This figure reflects a reduction of roughly 58 hours from actual attorney/paralegal hours worked. [ECF No. 70-11].

sheet identifying $5,314.07 of costs incurred in prosecuting this case. [ECF No. 70-13].

### III.  Analysis

### A.

The FDCPA authorizes the court to award attorney fees and costs to a prevailing party. *See* 15 U.S.C. § 1692k(a)(3); *Lee v. Thomas & Thomas*, 109 F.3d 302, 306–7 (6th Cir. 1997). Attorney fees awarded under this section must be reasonable. As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  The rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee. *Perdue v. Kenny A. ex. rel. Winn*, 559 U.S. 542, 554 (2010). For an attorney fee to be reasonable, it must be "adequately compensatory to attract competent counsel yet…avoid[] producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004).  Reasonable attorney fees include work performed by law clerks and paralegals calculated at the market rate. *See Missouri v.*

3

*Jenkins*, 491 U.S. 274, 285 (1989). Ultimately, the determination of what

constitutes reasonable attorney fees "is a matter that is committed to the

sound discretion of a trial judge." *Perdue*, 559 U.S. at 558.

### B.

A reasonable hourly rate is the prevailing market rate in the relevant

community for similar services by lawyers of reasonably comparable skill,

experience, and reputation. *Fuhr v. School Dist. of Hazel Park*, 364 F.3d

753, 762 (6th Cir. 2004).  The accepted benchmark for determining

reasonable hourly rates in this district is the State Bar of Michigan's most

recent Economics of Law Practice Survey.  *Hazzard v. Schlee & Stillman,

LLC*, 2014 WL 117411, at *3 (E.D. Mich. Jan. 13, 2014), *adopted*, 2014 WL

634205 (E.D. Mich. Feb. 18, 2014).  As set forth in the most recent Survey,

the mean billing rate for consumer lawyers is $322/hour, the median rate is

$300/hour.  State Bar of Michigan, Economics of Law Practice Survey

(2017), https://www.michbar.org/file/pmrc/articles/0000154.pdf (last viewed

November 16, 2018).  Smith's requested rates of $200 and $250 per hour

for associate attorneys, who did virtually all the attorney work in this matter,

is well-below the mean and median rate for a consumer lawyer.

Similarly, the requested hourly rate for legal assistants ($100-$125)

[ECF No. 70-12] is at or below the market rate for paralegals, according to

the paralegal association NALA.[2]  Accordingly, these rates are reasonable.[3]

## C.

The second step of the lodestar calculation requires the court to determine if the requested fee is for a reasonably expended number of hours.  *Bd. of Trustees of Ohio Laborers' Fringe Ben. Programs v. Dixon Masonry, Inc.,* No. 2:09-CV-01013, 2011 WL 3793502, at *3 (S.D. Ohio Aug. 25, 2011).  Courts review billing claims for "[e]xcessive, redundant, or otherwise unnecessary hours, or hours spent on unsuccessful claims," which are usually excluded from fee awards.  *Butcher v. Bryson*, 2014 WL 4385876, at *3 (M.D. Tenn. Sept. 5, 2014) (citing *Hensley*, 461 U.S. at 437).  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Hensley*, 461 U.S. at 437.  In carrying out this burden, attorneys must exclude unnecessary hours from their bill and must also maintain

---

[2] 2016 National Utilization and Compensation Survey Report, https://www.nala.org/sites/default/files/files/banner/2016%20NALA%20Utilization%20Compensation%20Survey%20Report.pdf (last viewed November 16, 2018)

[3] The senior partner billing rate of $450 for Ian Lyngklip, falling between the 75th and 95th percentile for consumer lawyers, could be deemed excessive.  But, considering the well-below market rates requested for the associate attorneys, and that Mr. Lyngklip billed less than 1% of the total number of professional hours billed on this case, the Court finds it unnecessary to reduce the amount of the requested fee on this basis.

billing time records that are sufficiently detailed to enable the courts to review the reasonableness of the hours expended.  *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir.1990), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001).  "Decisions concerning which tasks an attorney performs and involving the allocation of personnel will be left to the discretion of the professional unless the allocation is egregious because competent counsel are in the best position to determine how their time and the time of their associates can best be allocated." *Potter v. Blue Cross Blue Shield of Michigan,* 10 F.Supp.3d 737, 767 (E.D.Mich. 2014) (internal quotation marks and citation omitted). But "courts have not allowed attorney's fees for administrative tasks such as 'organized file,' 'sorting questionnaires' 'filing' and 'organize meeting.'" *Id.*

Here, the billing records sufficiently detail the hours expended.  [ECF No. 70-4].  The Court's review of these records reveals about a dozen entries billed by attorney Sylvia Bolos for work which may have more appropriately been delegated to a legal assistant [*see e.g.*, ECF No. 70-4, PageID.1042, top three entries].  But this allocation of tasks is not egregious. *See Potter*, 10 F.Supp.3d at 767.  Also, Smith's counsel audited its bills for reasonableness and reduced the total number of billed hours by

6

roughly 26%.  The Court finds that counsel's discretionary adjustment adequately accounts for any overstaffing reflected in the records and that the fee requested is for a reasonable number of expended hours.

### D.

Costs (other than attorney's fees) should be allowed to a prevailing party unless otherwise provided by federal statute, rule or court order.  Fed. R. Civ. P. 54(d)(1).  The Sixth Circuit has allowed reasonable non-taxable costs as a part of the prevailing party's reasonable attorney fees, including normally charged and reasonable photocopying, paralegal expenses, and travel and telephone costs.

Here, much of the out-of-pocket expenses for which Smith's counsel seeks reimbursement, such as process service fees and filing fees, are considered taxable costs. *See Evans v. Tennessee Dep't of Corr.*, 514 F.2d 283, 284 (6th Cir. 1975).  The other itemized expenses, mostly fees paid to an investigation firm to identify and locate defendants, as well as postage and subpoenaed document production costs, are the type of expenses normally charged to fee-paying clients.  The Court is persuaded that these costs should be awarded to Smith.

## IV.     Conclusion

For the foregoing reasons, the Court recommends that Smith's

motion for attorney fees should be **GRANTED**.  Smith is entitled to

reimbursement from defendants for attorneys' fees in the amount of

$32,270 and costs in the amount of $5,314.07.

> s/Elizabeth A. Stafford
> ELIZABETH A. STAFFORD
> United States Magistrate Judge

Dated: November 28, 2018

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation*.  Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection

must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each objection must be labeled as "Objection #1," "Objection #2," etc., and must specify precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, the non-objecting party must file a response to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be concise and proportionate in length and complexity to the objections, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 16, 2018.

<div style="margin-left:40%">
s/Marlena Williams
MARLENA WILLIAMS
Case Manager
</div>